BLANK ROME LLP
*Attorneys for Plaintiff*
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
John D. Kimball
Alan M. Weigel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODYSSEY MARINE EXPLORATION, INC.,<br><br>               Plaintiff,<br><br>      -against-<br><br>THE SHIPWRECKED AND ABANDONED SS MANTOLA, its cargo, apparel, tackle, and appurtenances, etc., located within a five nautical mile radius of the coordinates 49° 50' 16.391" N, 13° 06' 11.767" W, *in rem,*<br>               Defendant. | Case No.: 1:17-cv-02924<br><br><br><br><br><br>**LETTER OF REQUEST**<br>**RE: ANTHONY CLAKE** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

| | | |
|---|---|---|
| 1. | <u>Sender</u>: | United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan United States Courthouse<br>500 Pearl Street<br>New York, NY 10007<br>United States of America |
| 2. | <u>Central Authority of the Requested State</u>: | The Senior Master of the Royal Courts of Justice<br>For the Attention of the Foreign Process Section<br>Room E16<br>Royal Courts of Justice |

127643.06508/122311506v.1

|  |  | Strand<br>London WC2A 2LL<br>United Kingdom |
|---|---|---|
| 3. | Person to whom the executed request is to be returned: | Clerk of Court<br>United States District Court for the<br>Southern District of New York<br>Daniel Patrick Moynihan United States<br>Courthouse<br>500 Pearl Street<br>New York, NY 10007, United States |
|  |  | John D. Kimball<br>Alan M. Weigel<br>BLANK ROME LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174<br>United States of America |

4.     In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| 5. | A. | Requesting judicial authority: | United States District Court for the Southern District of New York United States of America |
|---|---|---|---|
|  | B. | To the competent authority of: | The Senior Master of the Royal Courts of Justice Strand London, WC2A 2LL United Kingdom |
|  | C. | Name & Identifying Number of Case: | Odyssey Marine Exploration, Inc. v. The Shipwrecked and Abandoned SS Mantola, its cargo, apparel, tackle, and appurtenances, etc., located within a five nautical mile radius of the coordinates 49° 50' 16.391" N, 13° 06' 11.767" W, *in rem,* No. 1:17-cv-02924 |

6.     Names and addresses of the parties and their representatives:

    A.     Plaintiff's name and address:
    name:     Odyssey Marine Exploration, Inc.
    address:     5215 West Laurel Street
             Tampa, Florida 33607

2

represented by:                    **BLANK ROME LLP**
                                   John D. Kimball
                                   Alan M. Weigel
                                   The Chrysler Building
                                   405 Lexington Avenue
                                   New York, NY 10174
                                   Tel.: 212-885-5000
                                   Fax: 917-332-3730
                                   Email: JKimball@BlankRome.com
                                   Email: AWeigel@BlankRome.com

B.    Defendants' name and address:

name:                              The Shipwrecked and Abandoned SS
                                   Mantola, its cargo, apparel, tackle, and
                                   appurtenances, etc., *in rem*

address:                           Located within a five nautical mile radius of
                                   the coordinates 49º 50' 16.391" N, 13º 06'
                                   11.767" W

represented by:                    N/A

7.    Nature of the Proceedings:

A.    Nature and Purpose of the Proceedings and Summary of
      Facts

The above action is pending in the United States District Court for the Southern District of New York, before the Honorable Paul A. Engelmayer. This is an action *in rem* for salvage in which the Plaintiff will claim a salvage award for the salvage of valuable cargo and/or artifacts from the SS Mantola (the "Mantola"). The Mantola is a United Kingdom-flagged vessel sunk by enemy action on or about February 9, 1917, during World War I. The vessel currently rests on the bottom of the ocean at a depth of approximately 2,500 meters in the North Atlantic Ocean, approximately 300 nautical miles west of the entrance to the English Channel.

3

127643.06508/122311506v.1

This action was brought under Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D. This case was filed on April 21, 2017. On May 1, 2017, an order for issuance of an *in rem* warrant for arrest of the vessel was issued, Odyssey Marine Exploration, Inc. ("OMEX") was appointed substitute custodian, an *ex parte* order granting preliminary injunction was entered restraining the rights of all third parties relative to salvage operations at the shipwreck site, and an order sealing the exact coordinates of the location of the shipwreck was entered. On May 2, 2017, the warrant of arrest, *in rem* was issued. On May 15, 2017 the warrant of arrest, *in rem* was served by the U.S. Marshal for the Southern District of New York on an artifact recovered from the vessel. On May 25, 2017 Plaintiff filed Notice of Proof of Publication of the Notice of Action *in rem* and arrest and the order granting preliminary injunctive relief. At the time of filing the complaint, OMEX did not know whether another party would claim ownership. While the UK Department for Transport (the "DfT") had previously claimed ownership and contracted with OMEX to recover the cargo, the contract was not renewed due to what OMEX understands is a policy change by which the DfT ceased renewing or entering into salvage contracts.

OMEX provided notice of the action to the DfT via letter dated May 3, 2017, received by the DfT on May 8, 2017. On August 17, 2017, the DfT made a restricted appearance under Supplemental Admiralty Rule E(8), on the basis it is the owner of the SS Mantola and 536 ingots which were aboard the sunken Mantola. On July 5, 2017 the DfT responded to the May 3, 2017 letter through counsel. Prior to the initial pretrial conference on November 14, 2017, DfT advised OMEX that 526 of the 536 bars of silver known to have been aboard the Mantola had been salvaged by another party and delivered to the UK Receiver of Wreck (the "RoW").

Following the pretrial conference, the case was stayed and counsel agreed to exchange requests for information concerning the salvage of the vessel's cargo of silver bars and did so. OMEX responded to DfT's requests on February 13, 2018 and confirmed that the object of its salvage efforts was the 536 silver ingots known to have been aboard the SS Mantola. DfT responded, in part, to OMEX's requests on January 17 and alleged that 526 ingots of silver from the SS Mantola had been delivered to the RoW in April 2017 under the laws of the United Kingdom, specifically the Merchant Shipping Act 1995. DfT refused, however, to disclose the identity of the salvor who removed 526 bars of silver from the wreck site. OMEX needs to know the identity of the salvor who removed the silver bars from the wreck site and when that took place to fully assess its rights and determine how the present matter should be resolved.

DfT filed a motion to dismiss OMEX's claim on March 16, 2018.  DfT's motion was denied on August 8, 2018 and the parties were ordered to submit a joint letter and case management plan to the Court by August 15, 2018. Before they could do so, however, on August 14, 2018 DfT withdrew its Verified Statement of Right or Interest and Answer.

Following DfT's withdrawal and based on direction from the Court, OMEX attempted to obtain discovery from the RoW and the DfT by means of Letters Rogatory issued by the Court on September 21, 2018.  On December 19, 2018, the Queen's Bench Division High Court of Justice issued the requested orders and directed DfT and RoW representatives to produce documents and submit to depositions.  On March 25, 2019, however, the same court set aside the December 19, 2018 orders because they were "made without jurisdiction."  OMEX did not move to set aside or vacate the March 25, 2019 orders, because there is no basis for doing so under English law.

OMEX also attempted to investigate when and by whom the bars were removed from the Mantola by serving the RoW and DfT with Freedom of Information Act ("FOIA") requests, which

5

127643.06508/122311506v.1

were denied. On April 23, 2019, OMEX filed revised FOIA requests with both agencies and received from the RoW redacted "Report of Wreck and Salvage" forms and a redacted e-mail dated May 3, 2019 that included pictures of the Mantola and pictures of the silver bars. The information provided indicates the silver bars were turned over to the Receiver of Wreck on May 5, 2017.

On May 30, 2019, OMEX filed a motion for summary judgment, specifically, for a salvage award consisting of the 526 silver bars. In an Opinion and Order filed on November 19, 20119, the Court granted OMEX partial summary judgment and awarded it title to an artifact recovered from Mantola, but denied OMEX's motion for summary judgment for a salvage award of title to the silver bars.

The Court's denial of summary judgment as to the silver bars, however, was without prejudice to OMEX's legitimate interest in obtaining discovery as to the date on which the 526 silver bars were removed from the Mantola and all of the circumstances related to the recovery of the 526 silver bars and their deposit with the Receiver of Wreck. The Court gave OMEX leave to move to reopen discovery. OMEX's motion was granted on December 11, 2019, with the Court directing the filing of a motion for this Letter of Request by January 8, 2020.

B.    Summary of the Complaint

OMEX filed this *in rem* action to seek the legal authority to conduct recovery operations and put potential claimants on notice before engaging in extensive and expensive operations. In its verified complaint, OMEX presented alternative claims. First, OMEX seeks ownership of the cargo under the law of finds. In the alternative, OMEX alleges that it is entitled to a salvage award for services rendered to the Mantola.

8.    A.    Evidence to be obtained and other judicial acts to be performed:

6

127643.06508/122311506v.1

The Requesting Authority seeks documentary evidence and testimony concerning the 526 silver bars deposited with the RoW in April 2017 that were allegedly removed from the wreck site of the Mantola. The Requesting Authority also seeks evidence confirming the identity of the individual(s) and/or entity involved in the recovery of the 526 silver bars; how they were recovered; when they were deposited with the Receiver of Wreck; where they were deposited; who deposited them; and what representations were made to the Receiver of Wreck.

B.    Purpose of the evidence or judicial act sought:

It is necessary for purposes of justice to obtain evidence for use in the proceeding of the above-captioned action from the RoW. The 526 bars of silver allegedly recovered from the Mantola were deposited with the RoW on May 5, 2017.

Evidence concerning the alleged recovery of 526 bars of silver from the wreck of the Mantola is directly relevant to issues to be determined in this proceeding. The requested evidence concerns who removed the silver bars from the wreck site, when that removal took place and how the operation was carried out. In addition, it is relevant to know what representations were made to the Receiver of Wreck.  This evidence is necessary to fully assess OMEX's rights and determine how the present matter should be resolved.  The Requesting Authority therefore requests that in the interest of justice, you by your proper and usual process cause the listed party to appear and answer the questions detailed in Paragraphs 9 and 10 and produce the documents and information identified in Paragraph 11 for inspection and photocopying for use in evidence at the trial.

9.    Names and addresses of witness or witnesses to be examined:

This letter requests the taking of oral testimony of Mr. Anthony Clake (George House, 131 Sloane Street, London, SW1X 9AT, United Kingdom), whom OMEX reasonably believes is knowledgeable with respect to the matters set forth in paragraph 10.

10.     <u>Statement of the subject matter about which the witness(es) are to be examined</u>:

A.     The identity of the salvor of the 526 bars of silver.

B.     The operations of the M/V Seabed Worker, M/V Seabed Constructor, and/or M/V Seabed Prince during the period of April to May 2017.

C.     The recovery operation for the 526 bars of silver, including the dates of the recovery operation, the date(s) the bars were recovered, the nature, duration and estimated costs of recovery efforts, and details relating to any storage of the silver bars after being removed from the Mantola, either before or after being brought to the surface.

D.     The date the 526 silver bars were delivered to the RoW.

E.     Communications with the RoW concerning the recovery of the 526 silver bars.

F.     Communications with the RoW concerning the deposit of the 526 silver bars with the RoW.

G.     The salvor's claim for a salvage award for the 526 silver bars.

H.     Communications with the RoW concerning the salvor's salvage claim for the 526 silver bars.

I.     Communications with the DfT concerning its claim of ownership of the Mantola cargo.

J.     Communications with the DfT concerning its contracts to recover the Mantola cargo.

127643.06508/122311506v.1

11.    Documents to be produced for use in evidence at trial:

The following requested documents are likely to be in the possession, custody, or control

of Mr. Anthony Clake and are requested for use in evidence at the trial of this action:

A.    Daily Progress Reports from the M/V Seabed Worker, M/V Seabed Constructor, and/or M/V Seabed Prince during the period of April to May 2017.

B.    The Report of Wreck and Salvage form(s) filed with the RoW for the recovery of the 526 silver bars.

C.    Any documents filed with the Report of Wreck and Salvage form(s) for the recovery of the 526 silver bars.

D.    Any documents describing the silver bars filed with the RoW for the recovery of the 526 silver bars.

E.    Photographs or sketches filed with the Report of Wreck and Salvage form(s) for the recovery of the 526 silver bars.

F.    Documents filed with the RoW in support of salvor's claim for a salvage award for the 526 bars of silver.

G.    Documents evidencing the salvor's services rendered to the Mantola, including the nature, duration and estimated costs of the recovery efforts.

H.    Correspondence from 2015 to April 30, 2017 with the RoW prior to the disclosure of the recovery of the 526 bars of silver.

I.    Correspondence from 2015 to 2018 with the RoW relating to the recovery of the 526 silver bars.

J.    Correspondence from 2015 to April 30, 2017 with the RoW relating to the deposit of the 526 silver bars with the RoW.

K.    Correspondence from 2015 to 2018 with the DfT concerning ownership of the Mantola cargo.

L.    Correspondence from 2015 to 2018 with the DfT concerning contracts to recover the Mantola cargo.

127643.06508/122311506v.1

12.  <u>Requirement that evidence be given under oath or affirmation and any special form to be used</u>:

The Court requests testimony be given on oath or affirmation before a person competent to preside over the examination of the witnesses. A verbatim transcript is to be prepared by a stenographic reporter, which counsel for the Plaintiffs will commit to arrange. The transcript of the testimony shall be authenticated by the signature of the witness acknowledging it as a true record.  The examination shall be conducted by United States counsel for Plaintiffs and counsel for other parties in attendance (in person or by telephone) in the presence of an Examiner appointed by the Senior Master of the High Court. A videographer shall also be present for the testimony.

13.  <u>Request for notification</u>:

The Requesting Authority requests that it be notified in advance of the time and place of the proceedings. In addition, the Requesting Authority requests that this notice be provided to counsel for OMEX. This notice should be transmitted to both the Requesting Authority and to:

BLANK ROME LLP.
John D. Kimball
Alan M. Weigel
405 Lexington Avenue
New York, New York 10174
United States of America

14.  <u>Request for attendance of judicial personnel</u>:       None.

15.  <u>Specification of privilege</u>:       Not applicable.

16.  <u>Fees</u>:

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by OMEX in the first instance, with the ultimate allocation of such costs to be made by the United States District Court.

10

17.   <u>Date of request</u>:                          December 23, 2019

18.   <u>Signature and seal of the requesting authority</u>:

*Paul A. Engelmayer*

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court for the
Southern District of New York

11

127643.06508/122311506v.1